STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR

BYRON F. CHURCH and )
KATHLEEN B. CHURCH, )
)
Plaintiffs, )
)     02-341 GPM
vs. )         01 L 756
)
GEORGE BURGESS and )
CARDINAL FREIGHT CARRIERS, INC., )
)
Defendants. )

FILED
DEC 05 2001
CIRCUIT CLERK

## COMPLAINT

### Count I

Plaintiff, BYRON F. CHURCH, complaining of the Defendant, GEORGE BURGESS, alleges:

1. On March 15, 2000 at about 11:36 p.m., Plaintiff, BYRON F. CHURCH, was a passenger in a tractor-trailer traveling westbound on Interstate 64 approximately seven-tenths of a mile east of milepost 24 in Mascoutah Township, St. Clair County, Illinois.

2. At said time and place, Defendant, GEORGE BURGESS, was driving a tractor-trailer and was in the process of merging from a rest area onto westbound Interstate 64.

3. At said time and place, a collision occurred between Defendant's vehicle and the vehicle in which Plaintiff was traveling resulting in serious personal injuries to the Plaintiff.

4. The Defendant, GEORGE BURGESS, committed one or more of the following negligent acts or omissions:

RECEIVED DEC 10 2001

2

    a.    drove his motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

    b.    failed to yield the right-of-way to the vehicle in which the Plaintiff was traveling;

    c.    merged his vehicle into the driving lane of westbound Interstate 64 before first determining that such movement could be made with safety;

    d.    when merging failed to adjust his speed and lateral position so as to avoid a collision with the Plaintiff's vehicle, in violation of 625 ILCS 5/11-905;

    e.    failed to inspect or keep in good repair his tractor-trailer;

    f.    moved his vehicle left upon the roadway when such movement could not be made with reasonable safety, in violation of 625 ILCS 5/11-804(a);

    g.    failed to operate the electric turn signal device on his tractor-trailer before and while entering the Plaintiff's lane of travel, in violation of 625 ILCS 5/11-804(d);

    h.    drove beyond his maximum allowed driving time;

    i.    failed to accurately record his duty status;

    j.    failed to have his tractor-trailer properly lit or reflectorized;

    k.    failed to exercise due care.

5. That as a proximate result of the Defendant's negligence aforesaid, Plaintiff, BYRON F. CHURCH, suffered serious personal injuries.

6. That as a result of his injuries, Plaintiff has suffered and will continue to suffer, he has incurred medical expenses and will incur additional expenses, he has lost wages and his earning capacity has been restricted, he has suffered disfigurement and disability, and he has been and will be restricted in pursuing his usual activities and affairs.

2

WHEREFORE, Plaintiff, BYRON F. CHURCH, respectfully requests damages against the Defendant, GEORGE BURGESS, in an amount in excess of $50,000 and costs, and demands a trial by jury.

## Count II

Plaintiff, KATHLEEN B. CHURCH, complaining of the Defendant, GEORGE BURGESS, alleges:

1. On March 15, 2000 at about 11:36 p.m., BYRON F. CHURCH, was a passenger in a tractor-trailer traveling westbound on Interstate 64 approximately seven-tenths of a mile east of milepost 24 in Mascoutah Township, St. Clair County, Illinois.

2. At said time and place, Defendant, GEORGE BURGESS, was driving a tractor-trailer and was in the process of merging from a rest area onto westbound Interstate 64.

3. At said time and place, a collision occurred between Defendant's vehicle and the vehicle in which BYRON F. CHURCH was traveling resulting in serious personal injuries to the BYRON F. CHURCH.

4. The Defendant, GEORGE BURGESS, committed one or more of the following negligent acts or omissions:

   a. drove his motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

   b. failed to yield the right-of-way to the vehicle in which BYRON F. CHURCH was traveling;

   c. merged his vehicle into the driving lane of westbound Interstate 64 before first determining that such movement could be made with safety;

3

  d. when merging failed to adjust his speed and lateral position so as to avoid a collision with the Plaintiff's vehicle, in violation of 625 ILCS 5/11-905;

  e. failed to inspect or keep in good repair his tractor-trailer;

  f. moved his vehicle left upon the roadway when such movement could not be made with reasonable safety, in violation of 625 ILCS 5/11-804(a);

  g. failed to operate the electric turn signal device on his tractor-trailer before and while entering BYRON F. CHURCH's lane of travel, in violation of 625 ILCS 5/11-804(d);

  h. drove beyond his maximum allowed driving time;

  i. failed to accurately record his duty status;

  j. failed to have his tractor-trailer properly lit or reflectorized;

  k. failed to exercise due care.

  5. That as a proximate result of the Defendant's negligence aforesaid, BYRON F. CHURCH suffered serious personal injuries.

  6. That Plaintiff, KATHLEEN B. CHURCH, is and was, at all relevant times hereto, the wife of BYRON F. CHURCH.

  7. That as a result of the injuries sustained by her husband, Plaintiff, KATHLEEN B. CHURCH, has been deprived of his consortium, society and services.

  WHEREFORE, Plaintiff, KATHLEEN B. CHURCH, respectfully requests damages against the Defendant, GEORGE BURGESS, in an amount in excess of $50,000 and costs, and demands a trial by jury.

### Count III

Plaintiff, BYRON F. CHURCH, complaining of the Defendant, CARDINAL FREIGHT CARRIERS, INC., alleges:

4

1. At all relevant times hereto, Defendant, CARDINAL FREIGHT CARRIERS, INC., was a foreign corporation licensed to do business in every county in the State of Illinois.

2. On March 15, 2000 at about 11:36 p.m., Plaintiff, BYRON F. CHURCH, was a passenger in a tractor-trailer traveling westbound on Interstate 64 approximately seven-tenths of a mile east of milepost 24 in Mascoutah Township, St. Clair County, Illinois.

3. At said time and place, GEORGE BURGESS, was driving a tractor-trailer and was in the process of merging from a rest area onto westbound Interstate 64.

4. At all relevant times hereto, the Defendant, CARDINAL FREIGHT CARRIERS, INC., owned the tractor-trailer being driven by GEORGE BURGESS.

5. At all relevant times hereto, GEORGE BURGESS was the agent or employee of the Defendant, CARDINAL FREIGHT CARRIERS, INC., and was acting within the scope of such agency or employment.

6. At the above time and place, a collision occurred between the vehicle driven by GEORGE BURGESS and the vehicle in which Plaintiff was traveling resulting in serious personal injuries to the Plaintiff.

7. The Defendant, CARDINAL FREIGHT CARRIERS, INC., through its agents or employees, committed one or more of the following negligent acts or omissions:

    a. drove its motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

    b. failed to yield the right-of-way to the vehicle in which the Plaintiff was traveling;

    c. merged its vehicle into the driving lane of westbound Interstate 64 before first determining that such movement could be made with safety;

5

    d.    when merging failed to adjust his speed and lateral position so as to avoid a collision with the Plaintiff's vehicle, in violation of 625 ILCS 5/11-905;

    e.    failed to inspect or keep in good repair its tractor-trailer;

    f.    moved its vehicle left upon the roadway when such movement could not be made with reasonable safety, in violation of 625 ILCS 5/11-804(a);

    g.    failed to operate the electric turn signal device on its tractor-trailer before and while entering the Plaintiff's lane of travel, in violation of 625 ILCS 5/11-804(d);

    h.    GEORGE BURGESS drove beyond his maximum allowed driving time;

    i.    allowed GEORGE BURGESS to drive beyond his maximum driving time;

    j.    scheduled GEORGE BURGESS' trip without allowing him sufficient off-duty time;

    k.    failed to accurately record GEORGE BURGESS' duty status;

    l.    failed to have its tractor-trailer properly lit or reflectorized;

    m.    failed to exercise due care.

8. That as a proximate result of the Defendant's negligence aforesaid, Plaintiff, BYRON F. CHURCH, suffered serious personal injuries.

9. That as a result of his injuries, Plaintiff has suffered and will continue to suffer, he has incurred medical expenses and will incur additional expenses, he has lost wages and his earning capacity has been restricted, he has suffered disfigurement and disability, and he has been and will be restricted in pursuing his usual activities and affairs.

WHEREFORE, Plaintiff, BYRON F. CHURCH, respectfully requests damages against the Defendant, CARDINAL FREIGHT CARRIERS, INC., in an amount in excess of $50,000 and costs, and demands a trial by jury.

6

## Count IV

Plaintiff, KATHLEEN B. CHURCH, complaining of the Defendant, CARDINAL FREIGHT CARRIERS, INC., alleges:

1. At all relevant times hereto, Defendant, CARDINAL FREIGHT CARRIERS, INC., was a foreign corporation licensed to do business in every county in the State of Illinois.

2. On March 15, 2000 at about 11:36 p.m., BYRON F. CHURCH was a passenger in a tractor-trailer traveling westbound on Interstate 64 approximately seven-tenths of a mile east of milepost 24 in Mascoutah Township, St. Clair County, Illinois.

3. At said time and place, GEORGE BURGESS, was driving a tractor-trailer and was in the process of merging from a rest area onto westbound Interstate 64.

4. At all relevant times hereto, the Defendant, CARDINAL FREIGHT CARRIERS, INC., owned the tractor-trailer being driven by GEORGE BURGESS.

5. At all relevant times hereto, GEORGE BURGESS was the agent or employee of the Defendant, CARDINAL FREIGHT CARRIERS, INC., and was acting within the scope of such agency or employment.

6. At the above time and place, a collision occurred between the vehicle driven by GEORGE BURGESS and the vehicle in which BYRON F. CHURCH was traveling resulting in serious personal injuries to BYRON F. CHURCH.

7. The Defendant, CARDINAL FREIGHT CARRIERS, INC., through its agents or employees, committed one or more of the following negligent acts or omissions:

    a. drove its motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic, in violation of 625 ILCS 5/11-606(a);

    b. failed to yield the right-of-way to the vehicle in which the Plaintiff was traveling;

    c. merged its vehicle into the driving lane of westbound

7

    Interstate 64 before first determining that such movement could be made with safety;

d.  when merging failed to adjust his speed and lateral position so as to avoid a collision with the Plaintiff's vehicle, in violation of 625 ILCS 5/11-905;

e.  failed to inspect or keep in good repair its tractor-trailer;

f.  moved its vehicle left upon the roadway when such movement could not be made with reasonable safety, in violation of 625 ILCS 5/11-804(a);

g.  failed to operate the electric turn signal device on its tractor-trailer before and while entering the Plaintiff's lane of travel, in violation of 625 ILCS 5/11-804(d);

h.  GEORGE BURGESS drove beyond his maximum allowed driving time;

i.  allowed GEORGE BURGESS to drive beyond his maximum driving time;

j.  scheduled GEORGE BURGESS' trip without allowing him sufficient off-duty time;

k.  failed to accurately record GEORGE BURGESS' duty status;

l.  failed to have its tractor-trailer properly lit or reflectorized;

m.  failed to exercise due care.

8.  That as a proximate result of the Defendant's negligence aforesaid, BYRON F. CHURCH suffered serious personal injuries.

9.  That Plaintiff, KATHLEEN B. CHURCH, is and was, at all relevant times hereto, the wife of BYRON F. CHURCH.

10.  That as a result of the injuries sustained by her husband, Plaintiff, KATHLEEN B. CHURCH, has been deprived of his consortium, society and services.

WHEREFORE, Plaintiff, KATHLEEN B. CHURCH, respectfully requests damages against the Defendant, CARDINAL FREIGHT CARRIERS, INC., in an amount in excess of $50,000 and costs, and demands a trial by jury.

By: *[signature]*

BYRON F. CHURCH and KATHLEEN B. CHURCH, Plaintiffs,

Thomas M. Harris

Jerome Mirza and Associates, Ltd.
Attorneys for Plaintiffs
705 East Washington Street
Bloomington, Illinois 61701
(309) 827-8011

Glenn F. Ruud
Ruud, Scovil & Marsh
2009 Ninth Avenue
Rock Island, Illinois 61201